**IN THE UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CORNELL RILEY,
Plaintiff,

    CIVIL ACTION NO. 2:25-cv-13395-BHH-MHC

v.

SOUTH CAROLINA PORTS AUTHORITY,
Defendant.

RCVD – USDC COLA SC
NOV 13 '25 PM 3:33

**COMPLAINT FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY, SOUTH CAROLINA WHISTLEBLOWER ACT, AND FEDERAL OSHA §11(c) RETALIATION**
(Jury Trial Demanded)

## I. JURISDICTION AND VENUE

1. This action arises under the laws of the United States, including Section 11(c) of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 660(c), and presents a federal question within the meaning of 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as all or a substantial part of the events or omissions giving rise to these claims occurred within the State of South Carolina, and Defendant transacts business and maintains operations within this District.

## II. PARTIES

4. Plaintiff Cornell Riley ("Plaintiff") is a citizen and resident of South Carolina. Plaintiff was employed by Defendant from approximately October 2018 until his termination on May 27, 2025.

5. Defendant South Carolina Ports Authority ("SCPA" or "Defendant") is a state-created corporate entity headquartered in Charleston, South Carolina, and is an "employer" within the meaning of both OSHA and applicable South Carolina employment statutes.

## III. FACTUAL ALLEGATIONS

6. Plaintiff consistently engaged in protected activity by reporting unsafe working conditions at Defendant's facilities, including near-miss incidents, failures to enforce personal protective equipment ("PPE") rules, fatigue-related hazards, and the failure to investigate worker injuries to prevent recurrence.

7. Plaintiff also escalated these concerns outside the organization, communicating directly with members of the South Carolina Senate and the South Carolina Inspector General's Office regarding systemic safety deficiencies at SCPA. After termination.

8. Beginning in or around January and 20, 2025, Plaintiff was assigned to light-duty status under medical restrictions. Due to OTJI On the job injury. Defendant provided no regular assignments or meaningful work duties during this period. Plaintiff's daily routine consisted primarily of clocking in, remaining in his truck or the breakroom, attending physical-therapy appointments, and waiting for the shift to end.

9. Defendant's management was fully aware that Plaintiff's light-duty position entailed no specific work assignments and that he was to remain present and available as directed.

10. On May 26, 2025, Plaintiff inadvertently clocked in on a day he was not scheduled to work, following the pattern of his normal yearly schedule. While entering the facility, Plaintiff's personal vehicle experienced brake failure, intermittently locking up. Upon parking, Plaintiff removed a tire to inspect the issue and management were made aware, they sent someone to the plaintiff to advise him that he was not supposed to be working because he was on light duty and it was a holiday.

11. South Carolina law expressly recognizes that an employee's conduct is not "misconduct" when it constitutes a reasonable response to an emergency. See S.C. Code Ann. § 41-35120(2)(a).

12. Plaintiff's brief emergency inspection caused no disruption to port operations and occurred while he was otherwise unassigned.

13. Defendant's payroll practices routinely permitted employees to amend or correct time entries prior to the end of each pay period. Plaintiff would not have been paid for May 26, 2025, absent managerial approval, and could easily have corrected the entry before final payroll submission.

14. On May 27, 2025, Plaintiff was scheduled to meet at 2:00 p.m. with Defendant's Chief Executive Officer, Barbara Melvin, to discuss outstanding safety violations and Plaintiff's ongoing whistleblower complaints.

15. Approximately one hour before that meeting, at or about 1:00 p.m., Defendant canceled the meeting and summarily terminated Plaintiff's employment, citing alleged falsification of time records related to the prior day's clock-in.

16. The temporal proximity between Plaintiff's scheduled whistleblower meeting and his termination—mere minutes apart—demonstrates a direct retaliatory motive.

17. Plaintiff had performed no misconduct, neglected no assigned duties, and acted reasonably in responding to a legitimate safety emergency involving his vehicle while on company premises.

## IV. CAUSES OF ACTION

### COUNT I – WRONGFUL TERMINATION IN VIOLATION OF SOUTH CAROLINA PUBLIC POLICY

18. Plaintiff re-alleges and incorporates Paragraphs 1 through 17 as though fully set forth herein.

19. Under South Carolina law, an employee has a cause of action for wrongful discharge when the termination violates a clear mandate of public policy. Ludwick v. This Minute of Carolina, Inc., 287 S.C. 219, 337 S.E.2d 213 (S.C. 1985).

20. South Carolina's public policy strongly favors workplace safety and the protection of employees who report safety violations or refuse to engage in unsafe practices.

21. Defendant's discharge of Plaintiff for engaging in statutorily protected safety reporting and for responding to an emergency contravenes this public policy.

22. Defendant's stated justification for termination—"falsification of time records"—was pretextual, inconsistent with internal payroll procedures, and designed to conceal retaliatory intent.

### COUNT II – VIOLATION OF SOUTH CAROLINA WHISTLEBLOWER ACT (S.C. Code Ann. § 827-10 et seq.)

23. Plaintiff re-alleges and incorporates Paragraphs 1 through 22.

24. Plaintiff made multiple written and verbal reports to management and public officials concerning safety violations, gross mismanagement, and endangerment of public employees.

25. Defendant terminated Plaintiff within one day of a meeting to report safety violations constituting an adverse employment action in violation of the Act.

### COUNT III – RETALIATION IN VIOLATION OF SECTION 11(c) OF THE OCCUPATIONAL SAFETY AND HEALTH ACT (29 U.S.C. § 660(c))

26. Plaintiff re-alleges and incorporates Paragraphs 1 through 26.

27. Plaintiff engaged in protected activity under OSHA by making good-faith safety complaints to his employer and to public authorities.

28. Defendant was aware of Plaintiff's protected activity.

29. Defendant's decision to terminate Plaintiff within one hour of his scheduled whistleblower meeting with the CEO constitutes unlawful retaliation under 29 U.S.C. § 660(c)(1).

30. Plaintiff timely reported the retaliation to the appropriate authorities and has satisfied or will satisfy all administrative prerequisites to filing suit.

## V. DAMAGES

32. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained loss of employment, wages, benefits, retirement contributions, and future earning capacity, together with emotional distress and humiliation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff on all counts;

b. Order reinstatement to his former position or, alternatively, front pay in lieu thereof;

c. Award back pay, lost benefits, and restoration of retirement contributions;

d. Award compensatory and punitive damages where authorized by law;

e. Award attorneys' fees and costs under all applicable statutes; and

f. Grant such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

CORNELL RILEY
Plaintiff, Pro Se
100 Madison Ave
Ladson SC 29456
843-814-6481

Cornelltwilla911@yahoo.com